WASHINGTON STEEL CORPORATION, a corporation, Plaintiff,

v.

TW CORPORATION, Talley Industries, Inc., B. Paul Barnes, William H. Mallender, Roger S. Carlson, Donald L. Corey, Joseph D. DiSesa, Gerard G. Ellis, Townsend Hoopes, John D. MacNaughton, Emiel T. Nielsen, Jr., Thomas F. Reddy, Jr., Ralph A. Rockow, Fred G. Schuller, Wesley A. Stanger, Jr., John W. Stodder, Marvin A. Pohlman, M. Kimelman & Company, Robert Euler, Michael Kimelman, Joseph E. Giattino, Sheila M. Baird, Oscar Kimelman, and Chemical Bank, Defendants.

Civ. A. No. 79–166.

United States District Court, W. D. Pennsylvania.

Feb. 16, 1979.

J. Tomlinson Fort, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for plaintiff.

Peter D. McKenna, Wachtell, Lipton, Rosen & Katz, New York City, for TW Corp. and Talley Industries, Ralph F. Scalera, Thorp, Reed & Armstrong, Pittsburgh, Pa., of counsel.

Gregory Markel, Cravath, Swaine & Moore, New York City, for Chemical Bank, Harold Schmidt, Rose, Schmidt, Dixon, Hasley, Whyte & Hardesty, Pittsburgh, Pa., of counsel.

Frederick T. Davis, Patterson, Belknap, Webb & Tyler, New York City, for M. Kimelman & Co.

## INTRODUCTION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

SIMMONS, District Judge.

### A. INTRODUCTION

The matter of Washington Steel Corporation versus TW Corporation, et al, at Civil Action Number 79–166, is now ripe for a decision. Very briefly stated:

On January 26th, 1979, Defendant Talley Industries filed a Schedule 14D–1 Statement with the Securities & Exchange Commission covering the subject corporation, Washington Steel, the Plaintiff in this case.

On February 5th, 1979, Plaintiff Washington Steel filed a complaint with this Court against TW Corporation, Talley Industries, Incorporated, certain officers and directors of Talley Industries, Inc., and TW Corporation, M. Kimelman & Co., a broker-dealer partnership, and certain of its partners, and Chemical Bank, a banking association. The complaint contained four counts.

First, Count I alleged a violation of Section 14(d) of the Exchange Act. Plaintiff Washington Steel alleged that pursuant to Section 14(d) of the Exchange Act, 15 U.S.C. 78n, the Schedule 14D–1 of the offering statement (Exhibit A to Plaintiff's Complaint) filed by Defendant Talley, does not adequately inform or disclose particular information to the shareholders of Washington Steel as is required by law.

The second count alleged a violation of Section 14(e) of the Exchange Act. Here, Plaintiff Washington Steel alleged in the second count that all the Defendants have violated Section 14(e) of the Exchange Act by meeting with each other, and especially by meeting with the representatives of the broker-dealer partnership, M. Kimelman & Company. This meeting was held at a time prior to the aforementioned offer wherein M. Kimelman & Company is accused of seeking information for the purpose of advising customers on long-term investments when, in fact, they were seeking the information in order to help Defendant Talley Industries to take over the Plaintiff Washington Steel.

In addition, Washington Steel alleges that the Defendant Chemical Bank used confidential information obtained in the course of its business relationship with Washington Steel in determining whether

to arrange short-term financing for the Defendant Talley's proposed offer at a time when the Defendant Chemical Bank was an agent of Washington Steel.

Count Three alleged that Chemical Bank violated its common law fiduciary duty owed to Washington Steel by using confidential information under all of the circumstances for the benefit of the Defendants.

Count Four alleged that the deceptive practices of M. Kimelman & Company and its officers, during the meetings with representatives of Plaintiff Washington Steel, resulted in M. Kimelman & Company misappropriating confidential and proprietary information of the Plaintiff contrary to Pennsylvania Law.

Plaintiff Washington Steel generally averred irreparable injury.

At this juncture of the litigation, Washington Steel is seeking a preliminary injunction, requesting the Court to restrain TW Corporation and Talley Industries, Inc., from proceeding with its proposed offer to purchase any and all of the outstanding shares of common stock of Plaintiff Washington Steel for $37.50 net per share.

The Court after hearing all of the evidence, makes the following findings of fact:

## B. FINDINGS OF FACT

1. Plaintiff, WASHINGTON STEEL CORPORATION ("Washington Steel"), is a corporation organized under the laws of the Commonwealth of Pennsylvania and maintains its principal place of business at Woodland and Griffith Avenues, Washington, Pennsylvania 15301.

2. Defendant, TW CORPORATION, is a corporation organized under the laws of the State of Delaware and maintains a principal place of business at 3500 North Greenfield Road, Mesa, Arizona 85205.

3. Defendant, TALLEY INDUSTRIES, INC., ("Talley"), is a corporation organized under the laws of the State of Delaware and maintains a principal place of business at 3500 North Greenfield Road, Mesa, Arizona 85205.

4. Defendant, B. PAUL BARNES, is a Director and President and Treasurer of Defendant TW Corporation and is a Director and President of Talley. He maintains a place of business at 3500 North Greenfield Road, Mesa, Arizona 85205 and is a resident of the State of Arizona.

5. Defendant, WILLIAM H. MALLENDER, is a Director and Executive Vice President and Secretary of Defendant TW Corporation and is a Director and Executive Vice President, General Counsel and Secretary of Talley. He maintains a place of business at 3500 North Greenfield Road, Mesa, Arizona 85205 and is a resident of the State of Arizona.

6. Defendant, FRED G. SCHULLER, is a Director of Talley. He resides at 1833 East Gary, Mesa, Arizona 85203.

7. Defendant, MARVIN A. POHLMAN, is an individual who is believed to have an employment relationship with either Defendant TW Corporation or Talley and is believed to be presently a resident of the State of Arizona.

8. Defendant, M. KIMELMAN & CO., is a partnership registered as a broker-dealer under the Securities Exchange Act of 1934 and maintains a place of business at Suite 1105, 100 Park Avenue, New York, New York 10017.

9. Defendant, MICHAEL KIMELMAN, is a partner of defendant M. Kimelman & Co. He maintains a place of business at Suite 1105, 100 Park Avenue, New York, New York 10017 and is a resident of the State of New York.

10. Defendant, CHEMICAL BANK, is a banking association organized and existing under the laws of the State of New York and maintains its principal place of business at 20 Pine Street, New York, New York.

11. Pursuant to Section 14(d) of the Securities Exchange Act of 1934, 15 U.S.C. 78n (Exchange Act), and the requirements of Schedule 14D–1 issued by the Securities and Exchange Commission, on January 26, 1979 Defendants TW Corporation and Talley filed a Statement on Schedule 14D–1 concerning the subject corporation, Wash-

ington Steel. Included in such filing is a proposed Offering Statement addressed to the shareholders of Washington Steel which solicits them to tender any and all of their stock to Defendant TW Corporation, for $37.50 per share. A copy of this Schedule 14D–1, including Offering Statement, is the Exhibit "D" which was attached to the complaint.

12. Defendants TW Corporation and Talley offered into evidence a revised Offer to Purchase which they propose to file with the Securities and Exchange Commission as an amendment to the filing originally made on January 26, 1979. This has been marked as Defendants' Exhibit B.

13. In addition, Defendants TW Corporation and Talley offered into evidence a proposed Exhibit B to the revised Offer to Purchase which includes a description of the business and properties of Talley as contained in Talley's Form 10–K for the fiscal year ended March 31, 1978, Talley's consolidated balance sheets as of March 31, 1978 and 1977, a five-year summary of operations as contained in Talley's 1978 annual report and interim (unaudited) financial information as contained in Talley's Form 10–Q for the fiscal quarter ended December 31, 1978. This proposed Exhibit B to the revised Offer to Purchase was marked Exhibit C for the purpose of this litigation.

14. The tender offer referred to in Paragraph 11 of these findings of fact was made for the avowed and immediate purpose of gaining control of Plaintiff Washington Steel's assets and with the ultimate purpose of extinguishing the Plaintiff corporation as it now exists as a corporate entity by merging it, i. e., Washington Steel, with TW Corporation, a wholly-owned subsidiary of Defendant Talley.

15. In order to effectuate the take-over of Plaintiff Washington Steel by Defendants TW Corporation and Talley Industries, Inc., the said two Defendants engaged the services of Defendant Chemical Bank as their agent for the purpose of having the said Chemical Bank arrange for a short-term loan in the amount of $70,000,000.00, which loan was very necessary in order to effectuate the purchase of Plaintiff Washington Steel's stock in order to take over the assets of the Plaintiff Washington Steel Corporation by TW Corporation and Talley Industries, Inc.

16. The Defendant Chemical Bank, as Talley's agent under the above recited circumstances, was advancing at all relevant times the several corporate purposes of Defendant TW and Defendant Talley a number of months prior to January 1st, 1979, and up to and including the present time.

17. Prior to the formulation of Defendants Talley and TW's plan to take over and control the assets of Plaintiff Washington Steel, and at all relevant times thereafter, Defendant Chemical Bank was the agent of the Plaintiff Washington Steel and was purporting to advance the several corporate purposes of Plaintiff Washington Steel at all relevant times, and in particular said Chemical Bank was the transfer agent of Plaintiff Washington Steel.

18. Prior to Defendants Talley and TW's plan to take over and control the assets of Plaintiff Washington Steel, Defendant Chemical Bank was entrusted with comprehensive, confidential financial information, all of which pertained to the future planning of Plaintiff Washington Steel's business, all of which was given to Chemical Bank in trust and confidence by Plaintiff Washington Steel.

19. All of the heretofore mentioned business and financial information of Plaintiff Washington Steel, which was given to the Defendant Chemical Bank in trust and confidence by Plaintiff Washington Steel, was relevant and pertinent to the formulation of the plan Defendants Talley and TW's plan to take over Plaintiff Washington Steel; and further, was very relevant and pertinent to any proposed financing arrangement, which arrangement was necessary in order to effectuate the plan of Defendants Talley and TW to take over and control the Plaintiff Washington Steel's assets. Further, said confidential information given to the Defendant Chemical Bank by Plaintiff Washington Steel was also relevant and pertinent in order for anyone to

**1104**

make an informed decision as to the propriety of taking over the control of the Plaintiff Washington Steel's assets under the circumstances.

20. Defendant Chemical Bank was acting as agent for both the Plaintiff Washington Steel and the Defendants Talley and TW simultaneously and at all relevant times; and further, the Defendant Chemical Bank was charged with the responsibility of advancing the best welfare and corporate interests of the Plaintiff Washington Steel, the Defendants Talley and TW simultaneously and at all relevant times.

21. Defendant Chemical Bank was well aware of its fiduciary obligation to advance the best interests and welfare of the Plaintiff Washington Steel Corporation but did, nevertheless, enter into a conspiracy, a plan, arrangement and agreement with the Defendants TW and Talley for the purpose of taking over and controlling all of the Plaintiff Washington Steel's corporate assets contrary to its fiduciary obligation as agent for the Plaintiff Washington Steel.

22. Defendant Chemical Bank at no relevant time advised the Plaintiff Washington Steel that Defendant Chemical Bank and Defendants Talley and TW were engaged in a plan to take over and control all of the corporate assets of the Plaintiff Washington Steel, even though the Defendant Chemical Bank was at all relevant times the agent of the Plaintiff Washington Steel and the agent of the Defendants Talley and TW.

23. Defendant Chemical Bank, acting through its employees, did, in fact, actively and overtly direct its sub-employees to conceal from Plaintiff Washington Steel the fact that Defendant Chemical Bank was acting in concert with Defendants Talley and TW in arranging a plan to take over and control all of the Plaintiff Washington Steel's assets; and further, Defendant Chemical Bank, acting through its supervisory employees, directed its sub-employees to refrain from advising Plaintiff Washington Steel of Defendants Talley and TW's plan to take over and control Plaintiff Washington Steel's assets, even though

they had knowledge of the agency relationship between Defendant Chemical Bank and Plaintiff Washington Steel.

24. Defendant Chemical Bank enlisted the aid of several other banks in arranging the aforementioned required financing necessary to effectuate the plan of Defendants TW and Talley, and said Defendant Chemical Bank did agree along with said other banks to finance the Defendants Talley and TW's proposed plan to take over and control the assets of Plaintiff Washington Steel while at all relevant times it was the Plaintiff Washington Steel's agent and had expressly and impliedly promised the Plaintiff Washington Steel that it, Defendant Chemical Bank, would at all relevant times during the existence of the agency relationship advance the best welfare and the best corporate interests of the Plaintiff Washington Steel.

## C. CONCLUSIONS OF LAW

The Court makes the following conclusions of law:

1. Jurisdiction is founded on Section 27 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. 78aa.

2. In addition, this Court has jurisdiction by reason of the diversity of citizenship between Plaintiff and all Defendants and an amount in controversy in excess of $10,000.00, exclusive of interest and costs.

3. This Court has pendent jurisdiction over claims which exist under the common law and arise out of the same facts as the claims hereunder arising out of the Exchange Act.

4. Venue is proper in this district: Section 27, 15 U.S.C. 78aa, and 28 U.S.C. Section 1391(b).

5. Defendant Chemical Bank was acting at all relevant times simultaneously as agent for Plaintiff Washington Steel, Defendant TW and Defendant Talley.

6. Plaintiff Washington Steel and Defendants Talley and TW, as a matter of law, had adverse interests to each other in the light of the facts as heretofore found by the Court.

7. Chemical Bank was well aware of its fiduciary obligation to Plaintiff Washington Steel and Defendants Talley and TW, and as a matter of law the Defendant Chemical Bank had a duty not to act adversely to the interests of Plaintiff Washington Steel under the circumstances; and further, the Defendant Chemical Bank had a duty to disclose all relevant facts which Chemical Bank knew or should have known that were relevant to allowing Plaintiff Washington Steel to make an informed decision as to whether or not Plaintiff Washington Steel should allow a dual agency relationship with adverse parties to continue.

8. Contrary to their duty and obligation to their principal, Plaintiff Washington Steel, Defendant Chemical Bank, by concealing the fact that it was operating in an adverse agency relationship and a dual agency relationship with an adverse party, did then and there make itself liable for said breach of duty to said Plaintiff Washington Steel.

9. Defendant Chemical Bank did further breach its duty to the Plaintiff Washington Steel by overtly and actively directing its employees to conceal from the Plaintiff Washington Steel the fact that it, Chemical Bank, was acting in concert with Defendants Talley and TW, who were engaged in a plan to take over and control all of Plaintiff Washington Steel's assets, all of which action of Defendant Chemical Bank was contrary to their duty as agent for Plaintiff Washington Steel, and as a matter of law the said Defendant Chemical Bank is liable to Plaintiff Washington Steel for said breach of duty.

10. The evidence of the aforementioned breaches of a duty by Defendant Chemical Bank; namely, that said Defendant Chemical Bank did not advise the Plaintiff Washington Steel of its adverse and dual agency relationship with Defendants Talley and TW; and secondly, that it, in fact, actively and overtly concealed from Plaintiff Washington Steel that such adverse and dual agency relationship existed was admitted by Defendant Chemical Bank's employee, Mr. Fitzgerald.

11. The evidence in its entirety indicates beyond a reasonable doubt that the facts found heretofore by this Court are absolutely certain of proof at a final hearing in this matter, and as a consequence the probability of success on the part of Plaintiff Washington Steel in proving this case of breach of an agency fiduciary obligation is without doubt.

12. The Court finds that inasmuch as Plaintiff Washington Steel potentially would suffer the loss of control over all of its assets indicates beyond question that Plaintiff Washington Steel would be irreparably injured if relief were not granted in this matter.

13. Further, it is the finding of this Court that the questions of law as to the agency relationship are serious questions and go to the merits of this litigation and make them a fair ground for determination by a court of law such as the United States District Court.

14. The balance of hardship under the facts of this case, and in light of the egregious and unethical conduct of the Defendant Chemical Bank, decidedly tips the balance of hardship in favor of the Plaintiff Washington Steel and requires that we grant Plaintiff Washington Steel the preliminary relief requested.

15. The Court is expressly acting to grant injunctive relief on the basis of Count IV only, and the Court is not granting preliminary relief as a consequence of the allegations set forth in Counts I, II and V.

Note: (The Court notes that the Plaintiff failed to include a Count III in the Complaint; obviously, this is an error in identifying the several Counts in the Complaint).

### D. ORDER OF COURT

AND NOW, this 16th day of February, 1979, after a hearing and based on the Court's findings of fact and conclusions of law, IT IS HEREBY ORDERED AND DECREED that Defendants Talley Industries, Inc., TW Corporation, their officers, di-

rectors, and all persons or entities acting in concert with them, be preliminarily enjoined for a period of 90 days, and/or until a final hearing on the merits can be held, from the date of this Order from in any way associating with or utilizing the agency relationship that is now maintained with the Defendant Chemical Bank, and that all of said Defendants, and specifically Defendant Chemical Bank, are enjoined from in any way participating in the financing, conducting, planning or arranging the tender offer of the Defendants Talley Industries, Inc., and TW Corporation for the acquisition of the common stock of Plaintiff Washington Steel Corporation.

This Order expressly does not prohibit Defendants Talley Industries, Inc., and TW Corporation from seeking another lead bank for the arranging of short-term or long-term financing for the tender offer for the acquisition of the common stock of Plaintiff Washington Steel Corporation.